UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DAVID REM,

Petitioner,

v.

T.C. PETERSON, Warden,

Defendant.

Civil No. 00-2151 (RHK/SRN)

**ORDER**

Petitioner is a federal prisoner who is currently confined at the Federal Correctional Institution, Sandstone, Minnesota, ("FCI-Sandstone"). He is serving a 151-month prison sentence for a federal drug law violation. Petitioner commenced the present action on September 18, 2000, by filing a pleading entitled "Petition For Writ Of Habeas Corpus Under 28 U.S.C., 2241." (Docket No. 1.) His pleading was accompanied by the $5.00 filing fee that is required in habeas corpus cases, (28 U.S.C. § 1914(a)), and it was filed by the Clerk's Office as a habeas corpus petition.

Petitioner alleges that the federal Bureau of Prisons, ("BOP"), plans to give advance notice to certain state and local law enforcement officials of his impending release from prison, which is currently scheduled to occur on November 16, 2000. The BOP apparently believes that it is compelled to provide such notice pursuant to 18 U.S.C. § 4042(b), but Petitioner claims that this statue does not apply to him.[1] He is therefore

[1] 18 U.S.C. § 4042(b) provides as follows:

(b) Notice of release of prisoners.

> (1) At least 5 days prior to the date on which a prisoner described in paragraph (3) is to be released on supervised release, or, in the case of a prisoner on supervised release, at

FILED SEP 20 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

seeking an order that would bar the BOP from proceeding with its notification plans.

Although Petitioner has attempted to bring this action under a federal habeas corpus statute, (28 U.S.C. § 2241), it is readily apparent that the relief he is actually seeking is not available in a habeas proceeding. Habeas corpus is a remedy that is

---

> least 5 days prior to the date on which the prisoner changes residence to a new jurisdiction, written notice of the release or change of residence shall be provided to the chief law enforcement officer of the State and of the local jurisdiction in which the prisoner will reside. Notice prior to release shall be provided by the Director of the Bureau of Prisons. Notice concerning a change of residence following release shall be provided by the probation officer responsible for the supervision of the released prisoner, or in a manner specified by the Director of the Administrative Office of the United States Courts. The notice requirements under this subsection do not apply in relation to a prisoner being protected under chapter 224.
>
> (2) A notice under paragraph (1) shall disclose --
>
> > (A) the prisoner's name;
> >
> > (B) the prisoner's criminal history, including a description of the offense of which the prisoner was convicted; and
> >
> > (C) any restrictions on conduct or other conditions to the release of the prisoner that are imposed by law, the sentencing court, or the Bureau of Prisons or any other Federal agency.
>
> (3) A prisoner is described in this paragraph if the prisoner was convicted of --
>
> > (A) a drug trafficking crime, as that term is defined in section 924(c)(2); or
> >
> > (B) a crime of violence (as defined in section 924(c)(3)).

available when a prisoner is challenging the fact or duration of his confinement. Heck v. Humphrey, 512 U.S. 477, 481 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); Otey v. Hopkins, 5 F.3d 1125, 1130-31 (8th Cir. 1993), cert. denied, 512 U.S. 1246 (1994). In this case, Petitioner is not challenging the propriety of his conviction or sentence, nor is he challenging the duration of his incarceration. The relief that Petitioner is requesting – an order preventing the BOP from notifying local authorities of his impending release from prison – has no direct bearing on either the validity of his underlying conviction or on the proper duration of his sentence. Therefore, the federal habeas corpus statutes, under which Petitioner is attempting to proceed, do not provide a remedy for the relief Petitioner is seeking here.

Our Court of Appeals has clearly explained that:

> "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. [Citation omitted.]... Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ."

Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (emphasis added).

The Third Circuit Court of Appeals has expressly recognized that habeas corpus is not an available remedy for the type of claim that Petitioner is bringing here. In Royce v. Hahn, 151 F.3d 116, 118 (3rd Cir. 1998), the Court noted that:

> "The pro se [habeas corpus] petition here challenges application of § 4042(b)'s notification requirement, but not the fact or duration of confinement.... [Citing Preiser, 411 U.S. at 484-85.] [Therefore], [i]nsofar as the district court found that it did not have subject matter jurisdiction under traditional § 28 U.S.C. 2241 analysis, the ruling [dismissing the petition] was correct."

Id. at 118.[2]

Because Petitioner is not challenging the validity of his conviction or the length of his sentence, he has not stated a viable claim for habeas corpus relief. According to Kruger, habeas corpus is not an available remedy for Petitioner's present claim for relief, and thus the instant habeas corpus petition cannot be entertained by this Court.

This is not to say that there are no legal remedies of any kind for the claim that Petitioner is attempting to assert. If he believes that the BOP has violated his rights under federal law or the Constitution, he may still be entitled to some equitable relief, (perhaps an injunction or declaratory judgment), in a traditional civil action -- i.e., a non-habeas action. See Royce, 151 F.3d at 118. Under certain circumstances, moreover, it might even be possible to construe a habeas corpus petition as a civil complaint seeking some other (non-habeas) form of relief. See id.; see also Graham v. Broglin, 922 F.2d 379, 381-82 (7th Cir. 1991). It would not be appropriate to attempt to do that here, however, for two reasons.

First, Petitioner has not paid the proper filing fee for a non-habeas civil action. While the filing fee for an application seeking habeas corpus relief is only $5.00, the filing fee for all other civil actions is $150.00. 28 U.S.C. § 1914(a). In the present case, Petitioner has paid only the $5.00 that is owed for a habeas corpus case, even though the

---

[2] The Royce Court further determined that although the petitioner's pleading could not be entertained as a habeas corpus petition, it should have been construed as a civil complaint, or, in the alternative, the petitioner should have been granted leave to replead. Royce, 151 F.3d at 118. In this case, the Court has chosen to follow the latter alternative, for reasons discussed below.

relief he is actually seeking is not available in a habeas proceeding. Petitioner cannot be excused from paying the proper filing fee merely by calling his pleading a habeas corpus petition, when, in fact, he is seeking relief that is not available in a habeas corpus proceeding. To rule otherwise would allow prisoner litigants to avoid paying the full $150.00 filing fee in all civil actions. A prisoner could simply label his pleading as a habeas corpus petition, pay the $5.00 habeas fee, and wait for the Court to construe the "petition" as an application for some other (non-habeas) relief. The filing fee requirements prescribed by Congress cannot be so easily circumvented.

Because Petitioner has so far paid only a $5.00 filing fee, he still owes $145 if he wants to proceed with a non-habeas civil action. Petitioner may be able to avoid prepaying the entire unpaid balance of the filing fee, if he applies for, and is granted, leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915. Even if he is granted IFP status, however, he will still have to satisfy the initial partial filing fee requirements prescribed by § 1915(b)(1), and he will ultimately have to pay the full remaining balance in installments pursuant to § 1915(b)(2).

In addition, it is not clear that the respondent named in the current habeas corpus petition -- the Warden at the FCI-Sandstone – would necessarily be the proper defendant in any civil action that Petitioner might attempt to maintain. The Warden would be a proper respondent for habeas corpus purposes, because he is Petitioner's present custodian. However, the Warden may not be the proper party to provide the relief that Petitioner is actually seeking in this action. It is not presently clear whether the Warden is the party who is responsible for satisfying the notification requirements imposed by 18 U.S.C. § 4042(b), and it is therefore not clear whether the Warden would be the proper

defendant in a non-habeas civil action.

Thus, the Court concludes that it would not be appropriate to attempt to "convert" the present habeas corpus petition into a civil complaint. Instead, the petition will be dismissed, and Petitioner will be granted leave to file an entirely new pleading, to be entitled "Civil Complaint." If he elects to file such a Complaint, he will have to follow the pleading requirements set forth at Fed. R. Civ. P. Rules 8-11.

Petitioner also will be required to pay the balance of the filing fee due for a non-habeas civil action – namely $145. In the alternative, he may seek leave to proceed IFP. If he decides to apply for IFP status, he will have to (a) properly complete the IFP application form prescribed for use in this District, (including the "Certificate" section), and (b) tender the proper amount of the initial partial filing fee required under 28 U.S.C. § 1915(b)(1).

If Petitioner elects to proceed with this action, he must satisfy the foregoing requirements by no later than October 20, 2000. If he fails to do so, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(b).[3]

Based upon all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Petitioner's habeas corpus petition, (Docket No. 1), shall be summarily

---

[3] Petitioner's motion for expedited review will not be addressed until it becomes clear whether he intends to pursue his claims for relief in a new Civil Complaint. If he does so in a proper and timely manner, and if service of process is effected on the Defendant(s) named in the Complaint, then the named Defendant(s) presumably will be required to respond to Petitioner's motion in due course.

dismissed, without prejudice, and with leave to amend.

2. Petitioner is granted leave to file a new pleading in this action, to be entitled "Civil Complaint," which shall comply with the pleading requirements prescribed at Fed. R. Civ. P. Rules 8-11.

3. If Petitioner elects to file a Civil Complaint in this action, his new pleading must be accompanied by either (a) the unpaid balance of the filing fee for bringing a civil action in federal court -- namely $145, or (b) a properly completed application for leave to proceed in forma pauperis, together with the unpaid balance of the initial partial filing fee prescribed by 28 U.S.C. § 1915(b)(1); and

4. If Petitioner has not complied with all of the requirements of this order by October 20, 2000, it will thereafter be recommended that this action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Dated: September 20, 2000

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge