**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

DAVID REM, Civil No. 00-2151 (RHK/SRN)

Petitioner

v. **ORDER**

UNITED STATES BUREAU OF PRISONS,

Respondent.

---

This matter is presently before the Court on Petitioner's self-styled "Motion For Expedited Review." (Docket No. 8.) Petitioner apparently wants the Court to enter an order directed to Respondent, the U.S. Bureau of Prisons, ("BOP"), that would prevent Respondent from notifying local law enforcement officials of Petitioner's impending release from prison. With the benefit of liberal construction, Petitioner's motion can be viewed as a motion for a preliminary injunction or a temporary restraining order, and the Court will address it as such.

Petitioner brought this action because he does not want Respondent to notify local law enforcement officials when he is released from custody, even though such notice is required by 18 U.S.C. § 4042(b).[1] Petitioner claims that giving the notice required by § 4042(b) will violate his

---

[1] 18 U.S.C. § 4042(b) provides as follows:

> (b) **Notice of release of prisoners.**
> (1) At least 5 days prior to the date on which a prisoner described in paragraph (3) is to be released on supervised release, or, in the case of a prisoner on supervised release, at least 5 days prior to the date on which the prisoner changes residence to a new jurisdiction, written notice of the release or change of residence shall be provided to the chief law enforcement officer of the State and of the local jurisdiction in which the prisoner will reside. Notice prior to release shall be provided by the Director of the Bureau of Prisons. Notice concerning a change of residence following release shall be provided by the probation officer responsible for the supervision of the released prisoner, or in a manner specified by the Director of the

FILED NOV 20 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

constitutional rights under the due process clause, the equal protection clause and the ex post facto clause. He is therefore seeking a declaratory judgment that would prohibit Respondent from giving such notice at any time.

In his present "Motion For Expedited Review," Petitioner states that he is scheduled to be released to a "half-way house" in November 2000. He contends that Respondent will be giving the notice required by § 4042(b) before he leaves prison for the half-way house, and that by giving such notice Respondent will cause him the very injury that he is seeking to avoid in this action. In short, Petitioner claims that he will suffer irreparable harm if Respondent gives the notice required by § 4042(b) before the claims raised in his pleading are decided on the merits.

However, Respondent represents that a § 4042(b) notice will not be issued upon Petitioner's transfer from prison to a half-way house. Instead, Respondent represents, the notice will be given shortly before Petitioner moves from the half-way house to supervised release, which will not occur until May of 2001. ("United States' Response To Order To Show Cause," [Docket No. 14], p. 3.)

Neither a temporary restraining order nor a preliminary injunction can be entered by a federal court unless the moving party has demonstrated that he will suffer irreparable harm in the absence of

---

Administrative Office of the United States Courts. The notice requirements under this subsection do not apply in relation to a prisoner being protected under chapter 224.

(2) A notice under paragraph (1) shall disclose--

(A) the prisoner's name;

(B) the prisoner's criminal history, including a description of the offense of which the prisoner was convicted; and

(C) any restrictions on conduct or other conditions to the release of the prisoner that are imposed by law, the sentencing court, or the Bureau of Prisons or any other Federal agency.

(3) A prisoner is described in this paragraph if the prisoner was convicted of--

(A) a drug trafficking crime, as that term is defined in section 924(c)(2); or

(B) a crime of violence (as defined in section 924(c)(3)).

such relief. See Fed. R. Civ. P. 65(b); Bandag, Inc. v. Jack's Tire and Oil, Inc., 190 F.3d 924, 926 (8th Cir. 1999). Because the record now indicates that the notice required by § 4042(b) will not be given for several months, the Court finds that Petitioner has not shown that he will suffer irreparable harm if Respondent is not immediately enjoined from giving the notice. Thus, Petitioner is not entitled to a preliminary injunction or a temporary restraining order in this matter, nor is he entitled to any other relief on his present "Motion For Expedited Review." The motion will therefore be denied.

Notwithstanding the provisions of 42 U.S.C. § 1997e(g)(1), Respondent will be required to respond to Petitioner's "Petition For A Declaratory Judgment," (Docket No. 6), in a timely manner. The Magistrate Judge to whom this case has been referred should address Petitioner's claims expeditiously, and should submit a Report and Recommendation in this matter by March 1, 2001.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Petitioner's "Motion For Expedited Review," (Docket No. 8), is DENIED; and

2. Notwithstanding the provisions of 42 U.S.C. § 1997e(g)(1), Respondent shall file an answer, motion, or other appropriate response to Petitioner's "Petition For A Declaratory Judgment," (Docket No. 6), in a timely manner.

Dated: November 20, 2000

RICHARD H. KYLE
United States District Judge