**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**David Rem,** **Civil No. 00-2151 (RHK/SRN)**

**Petitioner,**

**v.** **ORDER**

**United States Bureau of Prisons,**

**Respondent.**

---

Petitioner filed this action against the United States Bureau of Prisons on September 18, 2000. Respondent filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on December 12, 2000. Petitioner then filed this Motion Requesting Court Appointed Counsel to Properly Respond to the United States' Motion to Dismiss. (Doc. No. 22.)

Indigent prisoners do not have a constitutional or statutory right to counsel in civil cases. Pennsylvania v. Finley, 481 U.S. 551, 556, 107 S. Ct. 1990, 1993-94, 95 L.Ed.2d 539 (1987). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the petitioner to present his claims, the complexity of the legal issues and whether both the petitioner and the court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In this case, the Court finds that neither the facts nor the legal issues raised in the petition are so complex as to warrant appointment of counsel. It appears to this Court that Petitioner has

FILED JAN 26 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the threshold ability to articulate his claims and to argue his positions. The Court concludes that appointment of counsel would not substantially benefit the Court or Petitioner. Petitioner's request for counsel will therefore be denied.

Petitioner is required to file any objections to Respondent's Motion to Dismiss by February 14, 2001.[1] If Petitioner fails to timely respond to the Motion to Dismiss the Court may construe Petitioner's silence as a concession to Respondent's Motion to Dismiss.

Based on the foregoing, and all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Petitioner's Motion For Appointment of Counsel (Docket No. 22) is **DENIED**;

2. Petitioner is required to file any objections to Respondent's Motion to Dismiss by **February 14, 2001.**

Dated: January 25, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

---

[1]The Court has referred Petitioner to the Volunteer Lawyers Network. However, Petitioner's ability or inability to obtain counsel through this organization does not affect the Court's ruling on this motion.