**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

**DAVID REM,** **Civil No. 00-2151 (RHK/SRN)**

**Petitioner,**

**vs.** **REPORT AND RECOMMENDATION**

**UNITED STATES BUREAU OF PRISONS,**

**Respondent.**

---

DAVID REM, petitioner pro se

JOAN D. HUMES, Assistant United States Attorney, for respondent United States Bureau of Prisons

---

Petitioner David Rem, a prisoner, asks the Court to consider whether the notification requirement of 18 U.S.C. § 4042(b) applies to him. Rem argues that the statute should be interpreted in such a way as to exclude him from the class of prisoners to which it applies. In the alternative, Rem presents challenges to the notification requirement based on the due process, equal protection, and ex post facto provisions of the U.S. Constitution. Pursuant to Fed.R.Civ.P. 12(b)(6), respondent United States Bureau of Prisons ("the BOP") has moved to dismiss Rem's Complaint, which is styled as a request for declaratory relief[1]. Rem in turn has filed a motion asking the Court to enter judgment in his favor and to enjoin permanently the BOP from notifying law enforcement of Rem's release pursuant to § 4042(b)[2]. Rem also has moved for a preliminary injunction prohibiting the

---

[1] Rem originally brought the claims at issue here in a petition for habeas corpus. That petition was dismissed without prejudice, and Rem followed the appropriate procedure for refiling the claims as a civil case. Rem has exhausted all administrative procedures available to him, and the Court is aware of no impediments to jurisdiction.

[2] Although Rem filed his motion in response to the BOP's motion, given the relief Rem requests his motion in substance is one for summary judgment. The Court granted the BOP's

36

FILED MAR 05 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

BOP from taking action that would trigger the notification requirement prior to his scheduled release date.

The matter has been referred to the undersigned Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the BOP's motion be GRANTED because the notification requirements unambiguously apply to Rem and pass constitutional muster. It is further recommended that Rem's motions be DENIED because the BOP has explicitly represented to this Court that no notification will issue until this matter has been fully litigated.

I.

The parties do not dispute the pertinent facts. Rem pleaded guilty on November 15, 1991, to possession with intent to distribute cocaine, a felony, in violation of 18 U.S.C. § 841(a)(1). On March 12, 1992, the United States District Court for the Central District of Illinois sentenced Rem to 151 months imprisonment followed by five years of supervised release. Rem was incarcerated in a federal prison in Sandstone, Minnesota, from October 13, 1999, through November 16, 2000, and he filed this action while there. In November 2000, Rem was transferred to the Brooklyn Community Corrections Center in New York, a transitional facility for inmates nearing the end of their sentences who pose little risk of danger to the public. While serving his prison sentence, Rem completed a substance abuse treatment program, which qualified him for early release under BOP regulations promulgated pursuant to 18 U.S.C. § 3621(e)(2), and Rem, by all accounts, has been an exemplary prisoner. Given the reductions in his sentence, Rem is scheduled to begin his term of supervised release on May 14, 2001.

In his motion for preliminary relief, Rem alleges that, prior to May 14, 2001, the BOP may force him to choose between accepting home confinement, which would trigger the

---

request for additional time to respond to Rem's motion, and the BOP has not objected to the Court's consideration of the various materials Rem has filed in support of his position. The Court accordingly will treat Rem's motion and the BOP's motion as motions for summary judgment pursuant to Fed.R.Civ.P. 56 and will consider all documents the parties have filed as the record for that motion.

notification requirement, and returning to prison, which would deprive him of the early release reduction in his sentence. The BOP, however, clearly states, by way of affidavit, that it will take no adverse action against Rem pending the outcome of this litigation, which the Court understands to include any appeal Rem may elect to take. See Declaration of Robert Manco ¶ 4 (attached to the BOP's Response to Order to Show Cause). Given the BOP's position, at this time no reason exists for granting Rem's request for a preliminary injunction.

While Rem was serving his prison term, Congress enacted the Violent Crime Control and Law Enforcement Act of 1994. That Act includes a notification requirement applicable to federal prisoners convicted of "a drug trafficking crime, as that term is defined in [18 U.S.C.] section 924(c)(2)" and to those convicted of "a crime of violence (as defined in [18 U.S.C.] section 924(c)(3))." 18 U.S.C. § 4042(b)(3). With respect to prisoners in those categories who are to begin terms of supervised release, Congress directed the BOP to provide "written notice of the release" of such prisoners "to the chief law enforcement officer of the State and of the local jurisdiction in which the prisoner will reside." Id. at § 4042(b)(1). The written notice must state the prisoner's name, criminal history, and conditions of release, id. at § 4042(b)(2), and must be provided at least five days before the prisoner "is to be released on supervised release." Id. at § 4042(b)(1). The notification requirement imposes no duty of any kind upon the prisoner and gives no directives as to the use of the information to the notified agencies.

II.

Rem does not dispute that his conviction falls within the definition of "drug trafficking crime" contained in 18 U.S.C. § 924(c)(2). Rem argues instead that Congress did not intend to subject all persons with such a conviction to the notification requirement of § 4042(b). Rem suggests that Congress could not have intended to impose the additional burden or stigma of notification pursuant to § 4042(b) on a prisoner like himself who qualified for and received a reduced sentence pursuant to 18 U.S.C.§ 3621(e)(2). The two statutory provisions, however, are not inconsistent with one another. Congress legitimately may reward a prisoner who completes drug treatment and at the same time recognize an interest in notifying local law enforcement

when the same prisoner is released into the community. Rem argues at length that he is not a threat to public safety, but he is a felon with a drug trafficking conviction, and a shortened sentence does not alter the perceived benefit to the public of informing local law enforcement of the whereabouts of such persons while they are on supervised release. Rem cites no legislative history or other authority supporting an exception to the notification requirement for prisoners released early.

Rem also suggests that Congress intended the notification requirement of § 4042(b) to apply only to violent offenders. The case law Rem cites, including Royce v. Hahn, 151 F.3d 116 (3rd Cir. 1998), construes the "crimes of violence" provision of § 4042(b) and accordingly has no bearing on the "drug trafficking crime" provision applicable to Rem. Unlike the term "crime of violence," the scope of which might be open to debate, the statutory definition of "drug trafficking crime" and the corresponding BOP regulations are straightforward and have caused little or no confusion. Rem's argument that the definition of "drug trafficking crime" in § 4042(b) should be read as including a firearm possession or use limitation is similarly unavailing. Rem takes the position that 18 U.S.C. § 924(c)(2), which contains the definition of "drug trafficking crime" incorporated in § 4042(b), should be interpreted as additionally incorporating language in 18 U.S.C. § 924(c)(1)(A), which provides for a sentencing enhancement in cases in which a person uses a firearm in furtherance of a drug trafficking crime. This position simply misunderstands the statutory scheme. The notification requirement applicable to Rem incorporates only the definition of the crime, not of the crime as limited by terms of the sentencing enhancement. The Court may interpret the statute in the way Rem suggests only if the scope of its application is ambiguous, In re Old Fashioned Enter., Inc., 236 F.3d 424, 426 (8th Cir. 2001), and no ambiguity allowing such a limiting construction exists here.

III.

Assuming the notification requirement of § 4042(b) applies to Rem, the Court must then consider Rem's constitutional objections to the notification requirement based on the due

process, equal protection, and ex post facto clauses of the U.S. Constitution. Other courts, considering these issues in similar contexts, uniformly have rejected the arguments Rem makes, and the facts of this case present no compelling reason for reaching a different conclusion.

Rem's due process argument seems to be that the notification requirement impinges upon a federally protected liberty or privacy interest. Rem does not discuss in any detail, however, exactly how the notification requirement affects such interests. The notification requirement requires Rem to do no more than inform the federal authorities of his current address, which he must do in any event as a condition of his supervised release. Most or all of the information the BOP must provide about Rem already is available to the public in Rem's court file. The mere sharing of this information with state and local law enforcement agencies does not restrict Rem's freedom and does not reveal matters typically considered to be private[3]. The Ninth Circuit in Russell v. Gregoire, 124 F.3d 1079, 1093-94 (9th Cir. 1997), upheld a Washington state statute that imposed far greater burdens on the prisoner than the notification requirement at issue here against a due process challenge, and Rem cites no authority holding that the exchange of basic information about a prisoner between federal and state agencies offends constitutional due process principles.

Rem's equal protection argument is predicated on the assumption that the BOP is applying the notification requirement of § 4042(b) to him arbitrarily or capriciously. Rem is

---

[3] Rem expresses more concern about what law enforcement agencies will do with the information the BOP provides than with the sharing of the information itself. Nothing in the statute prohibits a notified law enforcement agency, for example, from including information from the BOP notification in an easily accessible website that lists convicted drug offenders who live in a particular area, and Congress in fact amended § 4042(b) in 1997 to delete a provision mandating that the notification "be used solely for law enforcement purposes." Act of Sept. 13, 1994, P.L. 103-322, 108 Stat. 1834, amended by Act of Nov. 26, 1997, P.L. 105-119, 111 Stat. 2464. However, this record does not indicate to whom the BOP will give the required notification of Rem's release, much less what the notified agencies will do with the information the BOP provides. The BOP, in short, cannot address Rem's privacy concerns even assuming their validity, and Rem remains free in a later case to challenge the actions of law enforcement agencies that may use information in the notification in such a way as to implicate an interest protected under the due process clause.

correct in asserting that the equal protection clause protects an individual from irrational or arbitrary government action. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). To establish an equal protection violation, Rem must show that the BOP intentionally treated him *differently than others similarly situated and that no rational basis for the distinction exists.* Id. (citations omitted). The problem, again, is that the record does not support the conclusion that the BOP took or intends to take any irrational, arbitrary, or capricious action with respect to Rem. Rem points to the treatment of the petitioner in Zacher v. Tippy, 202 F.3d 1039 (8th Cir. 2000), as evidence of the BOP's arbitrary action. Rem notes that he and the petitioner in Zacher are similarly situated in that each was convicted and sentenced under the same statute. The petitioner in Zacher, like Rem, argued that the notification requirement of § 4042(b) did not apply to him, and the defendant warden apparently conceded that point on appeal. 202 F.3d at 1046. The Zacher court, accordingly, dismissed the § 4042(b) claim as moot. Id. The reasons for the warden's concession are unclear, and this Court cannot find on the basis of the Zacher opinion alone that the BOP has no rational basis for treating Rem and the petitioner in Zacher differently even assuming that the two prisoners are similarly situated. The federal and state governments have an interest in working collectively to prevent the recidivism of drug offenders, and that interest is sufficient to pass rational basis scrutiny under the equal protection clause.

Rem finally argues that applying the notification requirement to him violates the constitutional prohibition against ex post facto laws and, for the same reasons, implicates his federally protected due process interest in having fair warning of the consequences of prohibited conduct. To establish a violation of these principles in this context, Rem must show that the challenged law applies to events occurring before its enactment and that the challenged law increases the punishment for his conviction. Ellis v. Norris, 232 F.3d 619, 621 (8th Cir. 2000). Although the notification requirement did not exist when Rem was convicted and sentenced, Rem's argument fails because the notification requirement is not punitive as a matter of law. Rem has not shown that the notification requirement will constrain his liberty or necessarily will put him at any other sort of disadvantage. Furthermore, the Eighth Circuit recently upheld the

notification requirement of North Dakota's sex offender registration statute, which is substantially identical to the statute at issue here, against an ex post facto challenge. Burr v. Snider, 234 F.3d 1052, 1053 (8th Cir. 2000). Every other federal appellate court considering similar notification requirements, including requirements more burdensome on the prisoner than § 4042(b), has reached the same result. Femedeer v. Haun, 227 F.3d 1244 (10th Cir. 2000); Doe v. Pataki, 120 F.3d 1263 (2nd Cir. 1997), cert. denied, 522 U.S. 1122 (1998); E.B. v. Verniero, 119 F.3d 1077 (3rd. Cir. 1997), cert. denied, 522 U.S. 1109 (1998). One federal district court has upheld the sex offender notification requirement of the statute at issue here, 18 U.S.C. § 4042(c), which also is more stringent than the notification requirement applicable to Rem, against due process and ex post facto challenges. Martinez Diaz v. Olsen, 110 F.Supp.2d 295, 301-02 (D. N.J. 2000). Those cases collectively stand for the proposition that the BOP may share prisoner information of a basic nature with state agencies at any time without running afoul of the constitutional prohibitions against retroactive punishment.

IV.

Based on the undisputed facts, the Court holds that the notification requirement of 18 U.S.C. § 4042(b) applies to Rem and that the notification requirement is not infirm on any of the constitutional grounds Rem has argued. Based on the foregoing, and on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Respondent BOP's motion to dismiss (Docket No. 18), which the Court will treat as a motion for summary judgment, be **GRANTED**;

2. Petitioner Rem's motion for summary judgment (Docket No. 6) be **DENIED** in all respects;

3. Petitioner Rem's Motion for Reconsideration for Expedited Review (Docket No. 30), which the Court will treat as a motion for a preliminary injunction, be **DENIED**; and

4. This action be dismissed with prejudice and judgment entered in favor of the BOP.

Dated: March 5, 2001

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.