UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

David Rem,

Petitioner,

Civil No. 00-2151 (RHK/SRN)

v.

**ORDER**

United States Bureau of Prisons,

Respondent.

---

Before the Court are the Petitioner's timely Objections to the March 5, 2001 Report and Recommendation of Magistrate Judge Susan Richard Nelson, in which she recommends dismissing this matter with prejudice. The Court has conducted the required de novo review of the objected-to portions of the Report and Recommendation. Judge Nelson's analysis of the factual background of this case, together with her comprehensive analysis of the legal issues, satisfies the undersigned that her recommended disposition of the matter is correct; accordingly, Judge Nelson's recommendation will be adopted.

In reaching this conclusion, the Court is mindful of the representations by personnel of the Bureau of Prisons and counsel for the Government that no "disciplinary action, including classifying petitioner as a half-way house failure or returning him to a more secure facility, while his case is pending, regardless of the amount of time," will be taken. (See Decls. of Messrs. Huffman and Manco (Doc. Nos. 44 & 45), and Gov't's



FILED MAR 29 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD MAR 29 2001
DEPUTY CLERK

Reply to Objections (Doc. No. 42).) These representations do not "expire" with the filing of this Order; they continue until Petitioner has exhausted his appeal rights or has failed to exercise his rights of appeal within the time prescribed by law. The foregoing will not prevent the Bureau of Prisons from implementing the notification statute, which the Court understands would become applicable no earlier than May 14, 2001, when Petitioner first becomes eligible for release to supervision. The Court is aware of no facts or circumstances which would warrant disciplinary action against Petitioner, or would otherwise interfere with his timely release to supervision on or about May 14, 2001.

Accordingly, based on all of the files, records, and proceedings herein, **IT IS ORDERED** that

1. Petitioner David Rem's Objections (Doc. No. 38) are **OVERRULED**;

2. The Report and Recommendation (Doc. No. 36) is **ADOPTED**;

3. Respondent the United States Bureau of Prison's Motion to Dismiss (Doc. No. 18), which the Court treats as a motion for summary judgment, is **GRANTED**;

4. Petitioner's Motion for Summary Judgment (Doc. No. 6) is **DENIED** in all respects;

5. Petitioner's Motion for Reconsideration for Expedited Review (Doc. No. 30), which the Court treats as a motion for a preliminary injunction, is **DENIED**; and

6. This action is **DISMISSED WITH PREJUDICE**, and judgment shall be entered in favor of the Respondent United States Bureau of Prisons.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: March 29, 2001

RICHARD H. KYLE
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: MAR 29 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995