**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

DAVID REM,

Plaintiff,

v.

UNITED STATES BUREAU OF PRISONS,

Defendant.

Civil No. 00-2151 (RHK/SRN)

**MEMORANDUM AND ORDER**

This matter is presently before the Court on Plaintiff's "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 52), by which Plaintiff seeks leave to proceed in forma pauperis, ("IFP"), on appeal. Plaintiff's request for IFP status will be GRANTED.

A litigant who seeks to be excused from paying the $105 filing fee for an appeal, or seeks other benefits which may accompany IFP status, can request leave to proceed IFP on appeal, pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he is indigent. See 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable

FILED SEP 10 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[1]

In the instant case, Plaintiff's IFP application shows that he is currently employed, but he is earning only about $750 per month. The IFP application further indicates that Plaintiff has no significant assets of any kind. Based on the information set forth in Plaintiff's IFP application, the Court finds that he is financially eligible for IFP status.

Although the Court remains fully satisfied that Plaintiff's complaint was properly dismissed, the Court does not find his claims to be legally "frivolous," as that term has been defined by the Supreme Court. Therefore, Plaintiff's appeal is found to be taken "in good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Finally, the Court notes that Plaintiff has already paid the full $105 filing fee for his appeal, which indicates that the filing fee is not an obstacle to his appeal. Therefore, while Plaintiff will be eligible for other potential benefits accompanying IFP status, including appointment of counsel to represent him on appeal,[2] the filing fee for his appeal will not be waived, and Plaintiff will not be entitled to any "refund" of the filing fee he has already paid.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

---

[1] Individuals who seek IFP status while incarcerated are subject to additional requirements under the Prison Litigation Reform Act, ("PLRA"). See 28 U.S.C. § 1915(b). Although Plaintiff was incarcerated when he commenced this action, it appears that he had been released from custody, and was no longer a prisoner, by the time he filed his appeal. Therefore, the PLRA is not applicable here.

[2] Evidently, Plaintiff has already asked the Court of Appeals to appoint counsel to represent him on appeal. That Court presumably will rule on Plaintiff's request as it sees fit.

Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 52), is GRANTED.

Dated: September 10, 2001

RICHARD H. KYLE
United States District Court Judge